IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.M., Parent and Educational | : |
| Decision maker for Q.G. and Q.G., | :   CIVIL ACTION NO: |
| Vs. | : |
| LOWER MERION SCHOOL DISTRICT | : |

COMPLAINT AND APPEAL

## I. INTRODUCTION

1. This is an action filed pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1419 ("IDEA"), for the failure of the Lower Merion School District ("LMSD") to comply with its requirements under this law to L.M. Parent, and Student Q.G.[1]

2. The IDEA and its implementing regulations, 34 C.F.R. Part 300 et seq., require states and school districts that receive funds under the IDEA to provide students with disabilities with a free appropriate public education ("FAPE") comprised of special education and related services.

3. Plaintiffs have exhausted administrative proceedings through a due process hearing, File No. 01218/09-10, which resulted in a decision from Hearing Officer Linda Valentini ("HO Valentini") dated June 24, 2010. They properly appeal pursuant to 22 Pa. Code §14.162(o).

## II. THE PARTIES

4. This complaint is brought on behalf of Q.G., an eighteen year old African American student, who most recently attended Lower Merion High School, graduating June 9, 2010.

---

[1] The full name of the student and parent are known to both parties; privacy is requested pursuant to Rule 5.2 since until age 21, Q.G. is considered a minor under Pennsylvania Chapter 14.

5. At all times relevant to this complaint, Q.G. resided within the LMSD at 219 Greenfield Avenue, Ardmore, PA, 19003 with her mother, L.M., except for a period of time commencing this fall when Q.G. began attending Immaculata University.

6. The LMSD is a local educational agency with offices located at 301 East Montgomery Ave., Ardmore, PA 19003. The LMSD is organized pursuant to the Public School Code of 1949, the Act of March 10 and as amended 24 P.S. 1-101 *et seq* and is the recipient of several sources of federal and state education funds. The LMSD is an educational agency designated by Pennsylvania Law and the Pennsylvania Department of Education for the provision of educational services to individuals.

### III.    JURISDICTION AND VENUE.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 20 U.S.C. §1415(i).

8. The Plaintiffs' remedies are authorized by the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. and 34 C.F.R. Chapter 300.

9. Venue is appropriate in this District pursuant to 28 U.S.C. §1391. Both parties reside within this District and the acts and events at issue in this action occurred in this District. District.

### IV.    BRIEF SYNOPSIS OF EDUCATIONAL HISTORY OF Q.G.

10. Q.G. was identified as a student with average intelligence but who had a Specific Learning Disability early in her school career at LMSD. The LMSD continued to identify Q.G. as having a Specific Learning Disability in math through high school, and some difficulty in reading comprehension.

11. On or about August 4, 2008, Q.G. was added as a named plaintiff in *Blunt v. Lower*

*Merion School District,* Civil File No. 07-3100, a putative class action concerning the educational services to African American students in the LMSD. That matter remains pending at this time.

12.  Q.G. was considered a special education student throughout her entire school career, remaining on an IEP through the date of her graduation and would remain eligible for special education services through the 2011-2012 school year when she would turn age 21 unless she graduated.

**V. PROCEDURAL HISTORY.**

13. On September 16, 2009, L.M. signed a Settlement Agreement to resolve a due process hearing and appeal brought to contest whether Q.G. had been denied a free appropriate public education. **Ex. 1.** The Settlement Agreement made available an educational fund (hereinafter, the "Fund") in the amount of $49,475.00 which Q.G. is to be able to utilize until the end of the 2011-2012 school year (the year that Q.G. would turn 21). The Settlement Agreement did not preclude a further due process hearing for the 2009-2010 school year. The Settlement Agreement stated that the $49,475.00 Fund could be used for 675 hours of compensatory education for "legitimate compensatory education expenses" as defined in this Agreement, either previously provided, or to be provided, to Q.G. in furtherance of her "past, present and/or future IEP goals." The IEP at issue included repeated references to Q.G. attending a four year college. Compensatory education is a remedy available to IDEA eligible students in order to compensate them for faulty educational programs. *Ferren C. v. School District of Philadelphia,* 612 F. 3d 712 (3rd Cir. 2010) (awarding IEP to 24 year old woman who had received compensatory education);

*Lester H. v. Gilhool*, 916 F. 2d 865 (3rd Cir. 1990) (entitlement age does not limit right to compensatory education).

14. During the 2009-2010 school year, a dispute arose concerning the ability of L.M./Q.G. to utilize the Fund for college expenses, including tuition, tutoring, books, materials, room and board. L.M./Q.G. pointed out that Q.G. would be entitled to access the Fund until 2012 and that the parties had all understood through the last agreed on IEP that Q.G. would be moving on to a four year college. The Fund language states that legitimate educational expenses would be those necessary in "furtherance of her past, present and/or future IEP goals." The Fund language states that the expenses can be actual expenses incurred by the FAMILY for "any appropriate educational and/or remedial program, tutoring, instruction, lesson, course, or service that assist QG in furtherance of her past, present and/or future academic and transition IEP goals limited to college entrance exams, preparation courses, transition services, reading instruction, math instruction or neuropsychological evaluation." In April of 2010, counsel for the parties corresponded in an effort to resolve a dispute about the term "legitimate compensatory education expenses" without the need for litigation. In a letter from its counsel dated April 19, 2010, the LMSD took the view that it never intended the Fund to be used for general college tuition expenses, although it conceded that "graduation from high school does not limit Q.'s access to the compensatory education fund."

15. On June 9, 2010, L.M. on behalf of Q.G., filed a second special education due process Complaint, **Ex. 2**. The operative IEP at issue included repeated references to Q.G. attending a four year college. The special education due process complaint included three claims, specifically, that: 1) the parent alleged a denial of FAPE for the 2009-2010 school year; 2)

the LMSD was not making the $49,475.00 available to Q.G. for purposes of college expenses, including tutoring, tuition, books, materials, room and board all of which was consistent with an IEP attached to the settlement that forecast Q.G. attending a four year college; and 3) the LMSD had discriminated against Q.G. on the basis of her race.

16. On June 9, 2010, Q.G. graduated from Lower Merion High School.

17. On June 24, 2010, the LMSD forwarded HO Valentini written notification by email that it believed the hearing request did not meet the requirements of 34 C.F.R. §300.508(b).

18. On the same day, within hours, on June 24, 2010, and without any opportunity for counsel for L.M./Q.G. to even respond, HO Valentini dismissed the case. **Ex. 3.** HO Valentini described her authority as "limited" to hear and adjudicate issues pertaining to a proposal" of the District to initiate or change the identification, evaluation, placement or provision of a free appropriate public education to the child. Ex. 3, pg. 1. HO Valentini concluded that the complaint as to the denial of a free appropriate public education during the 2009-2010 school year was deficient. Ex. 3, pg. 2. HO Valentini determined that she lacked jurisdiction to hear that portion of the complaint concerning disputes regarding the Settlement Agreement. Ex. 3, pg. 2. She similarly dismissed the complaint concerning racial discrimination. Ex. 3, pg. 2.

19. HO Valentini wrongly dismissed that portion of the complaint regarding the Settlement Agreement as the Settlement Agreement Fund dispute was within the statutory language of "any matter" related to Q.G.'s identification, evaluation, educational placement or provision of a free appropriate public education. 20 U.S.C. §1415(b)(6)(A).

20. Q.G. is currently attending Immaculata University. The cost of the University is

approximately $40,000, including tuition, related expenses, and room and board. She was awarded approximately $13,000.00 in financial aid per semester. Because LMSD has refused to permit the family to access the Fund for certain costs related to college and college tuition, L.M. has borne the costs of books, materials, tuition, and other expenses and has had to take out a loan in an amount in excess of some $10,000.00.

## VI. CAUSE OF ACTION

**COUNT I: INDIVIDUALS WITH DISABILITIES EDUCATION ACT CLAIM**

Plaintiffs incorporate the allegations of paragraphs 1 through 19 as if fully set forth herein.

21. Under Part B of the IDEA, 20 U.S.C. §1415, and 34 C.F.R. Chapter 300, L.M./Q.G. were entitled to bring "any matter" related to the identification, evaluation, educational placement or the provision of a free appropriate public education of Q.G. to the attention of a special education hearing officer through the due process hearing request filed on June 9, 2010 and to have an oral, personal hearing[2] on same. 20 U.S.C. §1415(b)(6)(A). The Settlement Agreement and a determination of its interpretation is within the "any matter" language of the statute, and therefore, HO Valentini erred in dismissing the complaint on that ground.

22. Under Part B of the IDEA, 20 U.S.C. §1415, and 34 C.F.R. Chapter 300, L.M./Q.G. were entitled to bring the Settlement Agreement issue before HO Valentini so long as the complaint was sufficient on that point, and HO Valentini erred in dismissing the complaint for lack of jurisdiction over the Settlement Agreement, and its terms and relationship to the provision of a free appropriate public education to Q.G.

---

[2] Pennsylvania law affords parents the right to an "oral personal" hearing in fulfillment of its requirement to provide due process hearings in order to receive federal funds under the IDEA. See, 22 Pa Code 14.162(e).

23. Under Part B of the IDEA, 20 U.S.C. §1415, and 34 C.F.R. Chapter 300, HO Valentini erred in dismissing the complaint without affording L.M./Q.G. an opportunity to respond to the LMSD's "email" claim that the matter could not be heard by the HO.

24. HO Valentini, operating under 22 Pa Code §14.162(a) held that:

> "Hearing officers have the limited authority to hear and adjudicate issues pertaining to a proposal to initiate or change the identification, evaluation, or educational placement of the child, or the provision of FAPE to the child." Ex. 2, pg. 1.

Under Part B of the IDEA, 20 U.S.C. 1415(b)(6), a parent/student is entitled to a hearing on "any matter" relating to the identification, evaluation, educational placement or provision of a free appropriate public education. 22 Pa Code §14.162(a) is contrary to the IDEA because it does not include the "any matter" language and limits a parent's right to an impartial due process hearing to those situations when the parent disagrees with the school's district's identification, evaluation, placement or provision of a free appropriate public education to the student. Without reliance on any state statute or regulation, HO Valentini also stated that the state of Pennsylvania takes the view that hearing officers cannot enforce settlement agreements as that is the province of the Pennsylvania Department of Education, apparently a practice that the State of Pennsylvania uses without any state statute or regulation regarding same.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Reverse HO Valentini's decision and order that LMSD permit L.M/Q.G. to access the Fund for college tuition, books, and related expenses.

2. Or Alternatively, reverse HO Valentini's conclusion that she lacked jurisdiction to hear

this matter since it is within the statutory language of "any matter" related to Q.G.'s identification, evaluation, educational placement and provision of a free appropriate public education and REMAND this case to the Office of Dispute Resolution for appointment of a HO and for additional proceedings before an independent HO who will conduct a full evidentiary hearing on the substantive issues in Plaintiff's claims.

3. Award Plaintiffs their reasonable attorneys' fees and costs.

4. Order such other relief as this Court deems appropriate.

Dated this 20th day of September, 2010.   By: /s/ Sonja D. Kerr
　　　　　　　　　　　　　　　　　　　　　　Sonja D. Kerr, PA Bar No.95137
　　　　　　　　　　　　　　　　　　　　　　Public Interest Law Center of Philadelphia
　　　　　　　　　　　　　　　　　　　　　　1709 Benjamin Franklin Parkway,
　　　　　　　　　　　　　　　　　　　　　　Second Floor
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　　　Phone:　　215-627-7100
　　　　　　　　　　　　　　　　　　　　　　Fax:　　　215-627-3183
　　　　　　　　　　　　　　　　　　　　　　Email: skerr@pilcop.org