IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.M., PARENT AND EDUCATIONAL | : | CIVIL ACTION |
| DECISION MAKER FOR Q.G., AND | : | |
| Q.G. | : | |
| | : | |
| v. | : | |
| | : | |
| LOWER MERION SCHOOL | : | |
| DISTRICT | : | NO. 10-4855 |

MEMORANDUM

Bartle, C.J.                                    January 7, 2011

        Plaintiff L.M. and her daughter Q.G. bring this action
against the Lower Merion School District ("School District") for
violation of the Individuals with Disabilities Education Act
("IDEA"), 20 U.S.C. § 1400 *et seq*.  Before the court is the
motion of the School District to dismiss for lack of subject
matter jurisdiction under Rule 12(b)(1) of the Federal Rules of
Civil Procedure or for failure to state a claim under Rule
12(b)(6).

I.

        When reviewing a facial challenge to subject-matter
jurisdiction under Rule 12(b)(1), the court accepts the
plaintiff's allegations as correct and draws inferences in the
plaintiff's favor.  Turicentro, S.A. v. Am. Airlines, Inc., 303
F.3d 293, 300 & n.4 (3d Cir. 2002); Mortensen v. First Fed. Sav.
& Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial
challenge to subject-matter jurisdiction is one in which a

defendant argues that "the allegations on the face of the complaint, taken as true," are insufficient to invoke the court's jurisdiction.  <u>Turicentro</u>, 303 F.3d at 300.

Similarly, when deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff.  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008); <u>Umland v. Planco Fin. Servs., Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'"  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Iqbal</u>, 129 S. Ct. at 1950).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 129 S. Ct. at 1949.  On a motion to dismiss, a court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)).

II.

The following facts are undisputed or taken in the
light most favorable to the plaintiff.  Q.G. is an eighteen year
old African American graduate of Lower Merion High School.  While
attending school, Q.G. was identified as a student who had a
specific learning disability in math and reading comprehension.
She received special education services throughout her school
career through an Individual Education Plan ("IEP").

In May 2009, Q.G. instituted a request for a due
process hearing against the School District to resolve a dispute
regarding whether Q.G. had been denied a free appropriate public
education ("FAPE") under the IDEA.  Several months later, L.M.
signed a settlement agreement on behalf of Q.G., who was then a
minor.  This settlement agreement released the School District
from liability for any and all special education claims arising
before the start of the 2009-2010 school year.  The settlement
agreement created an educational fund of $49,475 which Q.G. could
use until the end of the 2011-2012 school year, when she would
turn twenty-one.  The fund was to be used for "any appropriate
educational and/or remedial program, tutoring, instruction,
lesson, course, or service that assists Q.G. in furtherance of
her past, present and/or future academic and transition IEP goals
limited to college entrance exam preparation courses, transition
services, reading instruction, math instruction, or
neuropsychological evaluation."

-3-

After graduation from high school, Q.G. enrolled at
Immaculata University.  During the 2009-2010 school year, a
dispute arose concerning the ability of Q.G. to access the fund
to pay for college expenses, including tuition, room and board,
tutoring, books, and materials.  Q.G. filed a special education
due process complaint against the School District, alleging that:
(1) she was denied a FAPE for the 2009-2010 school year; (2) the
School District violated the settlement agreement by not making
the fund available for college expenses; and (3) the School
District discriminated against her on the basis of race.

A hearing officer dismissed Q.G.'s complaint.
Specifically, the hearing officer concluded that Q.G.'s claim
regarding the denial of a FAPE in 2009-2010 was insufficiently
pleaded.  The hearing officer also found that she lacked
jurisdiction to consider Q.G.'s claim regarding the settlement
agreement dispute and her allegation of racial discrimination.

Q.G. then filed her complaint in this court.  Q.G.
seeks to require the School District to permit her to use the
settlement fund for college expenses or, in the alternative, that
we remand the case for additional proceedings before another
hearing officer.  She also requests a reversal of the hearing
officer's decision dismissing her claim of racial discrimination.
The School District concedes that Q.G. has exhausted her
administrative remedies with respect to these two claims.  In her
complaint, Q.G. also challenged the hearing officer's dismissal
of her claim regarding the denial of a FAPE for the 2009-2010

-4-

school year as insufficiently pleaded.  However, in her
memorandum of law in opposition to the School District's motion
to dismiss, Q.G. states that she does not challenge this
decision.  Therefore, we will not address this claim.

III.

The School District first maintains that this court
lacks subject matter jurisdiction to interpret and enforce the
settlement agreement.  "Federal courts are courts of limited
jurisdiction.  They possess only that power authorized by
Constitution and statute, which is not to be expanded by judicial
decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
375, 377 (1994) (internal citations omitted).  The burden of
establishing jurisdiction rests with the plaintiff.  Id.
Generally, "enforcement of [a] settlement agreement is for state
courts, unless there is some independent basis for federal
jurisdiction."  Id. at 381-82; see also Buckhannon Bd. & Care
Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598,
604 n.7 (2001).  A district court may only retain jurisdiction
over enforcement of a settlement agreement by issuing an order of
dismissal that (1) explicitly states that the court will retain
jurisdiction over enforcement of the settlement agreement; or (2)
incorporates the terms of the settlement agreement.  In re
Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999)
(citing Kokkonen, 511 U.S. at 381-82).

Here, Q.G.'s claim is essentially a contract dispute.
See Flemming v. Air Sunshine, 311 F.3d 282, 289 (3d 2002);

-5-

Halderman v. Pennhurst State Sch. & Hosp., 901 F.2d 311, 317-18
(3d Cir. 1990).  The parties are not of diverse citizenship as
both are citizens of Pennsylvania.  Q.G. has not alleged that
there was an order of dismissal under which the court retained
jurisdiction over the settlement.  Therefore, this court may only
entertain this action if there is some other independent federal
statutory or constitutional basis for jurisdiction.

Under the IDEA, a settlement agreement may be enforced
in a district court of the United States only if it was reached
through a mediation process or resolution session.  The statute
states that:

> In the case that a resolution is reached to
> resolve the complaint through the mediation
> process, the parties shall execute a legally
> binding agreement that sets forth such
> resolution and that . . . is enforceable in
> any State court of competent jurisdiction or
> in a district court of the United States.
>
> . . . . .
>
> In the case that a resolution is reached to
> resolve the complaint at a [resolution
> session], the parties shall execute a legally
> binding agreement that is . . . enforceable
> in any State court of competent jurisdiction
> or in a district court of the United States.

20 U.S.C. §§ 1415(e)(2)(F)(iii); 1415(f)(1)(B)(iii); see also
D.R. v. East Brunswick Bd. of Educ., 109 F.3d 897, 900-02 (3d
Cir. 1997).  Many courts, including several cited by Q.G., have
held that a settlement agreement related to an IDEA claim which
is reached outside the formal mediation or resolution process is
not enforceable under the IDEA in a district court of the United

States.  See, e.g., H.C. v. Colton-Pierrepont Cent. Sch. Dist., No. 08-4221, 2009 WL 2144016, at *2 (2d Cir. July 20, 2009); T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 479 (7th Cir. 2003); J.M.C. v. La. Bd. of Elementary & Secondary Educ., 584 F. Supp. 2d 894, 897 (M.D. La. 2008); Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ., No. 06-139, 2007 WL 2219352, at *6-7 (W.D. Mich. July 27, 2007); Bowman v. District of Columbia, No. 05-01933, 2006 WL 2221703, at *2 (D.D.C. Aug. 2, 2006).

Q.G. has not alleged that the settlement agreement in question was reached during a mediation session or formal resolution process, as contemplated by the IDEA.  Thus, the IDEA provides no basis for resolving the pending contractual dispute. Since diversity of citizenship is lacking and no federal court retained jurisdiction over the settlement, the claims of Q.G. related to the settlement agreement will be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Q.G., as noted above, also pleads that the hearing officer improperly dismissed her claim of racial discrimination for lack of subject matter jurisdiction without a hearing. However, Q.G. does not state in her complaint here or before the hearing officer any specifics about the racial discrimination that she allegedly suffered.  See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555-56.

The purpose of the IDEA is to place an affirmative duty on states to provide a free appropriate public education to

-7-

students with disabilities.  20 U.S.C. § 1400(d)(1)(A) (2010).
Therefore, the "IDEA provides relief from inappropriate
educational placement decisions, regardless of discrimination."
<u>Hornstine v. Twp. of Moorestown</u>, 263 F. Supp. 2d 887, 901 (D.N.J.
2003) (citing <u>J.D. v. Pawlet Sch. Dist.</u>, 224 F.3d 60, 70 (2d Cir.
2000); <u>Sellers v. Sch. Bd. of Manassas</u>, 141 F.3d 524, 528-29 (4th
Cir. 1998); <u>A.W. v. Marlborough Co.</u>, 25 F. Supp. 2d 27, 31 (D.
Conn. 1998)).  The Pennsylvania Department of Education's Office
for Dispute Resolution has promulgated regulations stating that
"[h]earings for claims regarding discrimination against a student
based on any factor other than handicap, including, but not
limited to, race, religion, national origin, and gender are not
subject to the due process system."  Pa. Dep't of Educ., Special
Educ. Dispute Manual, § 103(E) (2009), *available at*
http://odr-pa.org/wordpress/wp-content/uploads/SEDR_man.pdf.
Plaintiffs have cited no authority which recognizes a separate
claim for relief under the IDEA for racial discrimination.

We note that Q.G. is a plaintiff in another action,
<u>Blunt v. Lower Merion School District</u>.  No. 07-3100 (E.D. Pa.).
This action is still pending and includes claims by Q.G. for
racial discrimination under Title VI of the Civil Rights Act of
1964, 42 U.S.C. § 2000d, and the Equal Protection and Due Process
Clauses of the Fourteenth Amendment to the United States
Constitution.  While Q.G. may have other remedies for racial
discrimination for the time period in question here, she has not
stated a claim for relief under the IDEA.

-8-

Accordingly, we are granting the motion of the School District to dismiss the claim for racial discrimination under Rule 12(b)(6).